# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **LAFAYETTE DEANDRE VAN,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 18-cv-1019 |
| ) | |
| **STEVE KALLIS, Warden** ) | |
| ) | |
| Respondent. ) | |

## ORDER AND OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter is before the Court on Petitioner Lafayette Deandre Van's (hereinafter "Petitioner" or "Van") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner is incarcerated at the Federal Correctional Institution in Pekin, Illinois. For the reasons stated below, Petitioner's Petition (Doc. 1) is DISMISSED with prejudice.

## I. BACKGROUND[1]

In 2007, a jury in the United States District Court for the

---

[1] As dictated by the analogous federal habeas corpus rules for proceedings under 28 U.S.C. § 2254 and § 2255, the facts recounted here are taken from Respondent's Response to the Petition, (Doc. 7), unless otherwise noted. See 28 U.S.C. § 2248.

District of Minnesota found Van guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The baseline statutory maximum for this offense is ten years. However, the district court found that Van qualified as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), for having three or more predicate convictions "for a violent felony or a serious drug offense." As a result, Van's statutory sentencing range increased to 15 years to life. This finding was based on Van's 1999 conviction for Minnesota simple robbery in violation of Minn. Stat. § 609.24, and his three 2003 convictions for Minnesota drug offenses.

At sentencing, Van objected to being designated an armed career criminal, arguing that his three felony drug convictions should be considered only one offense. The sentencing court rejected his argument, finding each conviction was a separate offense, and noted that he had a fourth qualifying predicate felony, the 1999 simple robbery conviction. See United States v. Van, No. CIV. 12-2107 MJD, 2013 WL 1703444, at *1 (D. Minn. Apr. 19, 2013). Van was sentenced to a term of imprisonment of 213 months and nineteen days. Van appealed, and the Eighth Circuit

affirmed Van's conviction and sentence.  United States v. Van, 543 F.3d 963, 967 (8th Cir. 2008).

Van has made numerous attempts to obtain post-conviction relief, often raising the argument that he does not have the requisite three felonies to qualify as an armed career criminal under § 924(e).  See, e.g., Van v. Wilson, No. CIV. 10-210-GFVT, 2011 WL 2550537, at *3 (E.D. Ky. June 23, 2011) (§ 2241 Petition dismissed under § 2255(e)); United States v. Van, No. CIV. 12-2107 MJD, 2013 WL 1703444, at *2 (D. Minn. Apr. 19, 2013) (initial Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 denied as untimely); Van v. United States, No. 15-3304 (8th Cir.) (application seeking authorization to file a successive § 2255 Motion relying on Johnson v. United Sates, 135 S.Ct. 2551 (2015)); Van v. United States, No. 16-2807 (8th Cir.) (same).

On January 16, 2018, Van filed the instant Petition (Doc. 1) pursuant to 28 U.S.C. § 2241, again arguing that he does not qualify as an armed career criminal under § 924(e).  He argues that his Minnesota simple robbery conviction did not require the sufficient amount of force in light of Curtis Johnson v. United

States, 559 U.S. 133 (2010), and that, in light of Mathis v. United States, 136 S.Ct. 2243 (2016), and United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016), two of his Minnesota drug offenses are categorically not ACCA predicates.

In his Petition, Van disclosed to the Court some of his post-conviction relief petitions and motions, but failed to reference his prior attempt to rely on Mathis and Hinkle for relief in a § 2241 petition in this district in December 2016. Van v. Krueger, No. 16-CV-1488, 2017 WL 727034, at *1 (C.D. Ill. Feb. 23, 2017). In that proceeding, Van argued that "Minnesota's controlled substance offenses contain alternative means, not alternative elements, and therefore two of his ACCA "serious drug offenses" predicated on his Minnesota controlled substance offenses do not match up under the categorical approach." Id. *3. Judge McDade summarily dismissed the petition, finding it did not have merit because "there are no elements present in the Minnesota statutes of conviction that render them broader than the definition of "serious drug offense" in 18 U.S.C. § 924(e)(2)(A)(ii)." Id. at *4. Van did not challenge his simple robbery conviction in this proceeding.

Respondent filed his response to Van's Petition on February 28, 2018 (Doc. 7), and argues that Van has failed to meet the requirements to proceed under the § 2255(e) savings clause. Specifically, Respondent argues that <u>Mathis v. United States</u>, 136 S.Ct. 2243 (2016), did not announce a new rule that applies retroactively, that Van's claim was not previously unavailable, and that Van has not shown a miscarriage of justice. Respondent's filing also did not note Van's previous § 2241 petition that raised this claim. Van did not file a timely reply. This Order follows.

## II. LEGAL STANDARD

Generally, federal prisoners who seek to collaterally attack their conviction or sentence must proceed by way of motion under 28 U.S.C. § 2255, the so-called "federal prisoner's substitute for habeas corpus." <u>Camacho v. English</u>, 16-3509, 2017 WL 4330368, at *1 (7th Cir. Aug. 22, 2017) (quoting <u>Brown v. Rios</u>, 696 F.3d 638, 640 (7th Cir. 2012)). The exception to this rule is found in § 2255 itself: a federal prisoner may petition under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Under the "escape hatch" of § 2255(e), "[a] federal prisoner should be permitted to

seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998). Thus, the Seventh Circuit has held that "alternative relief under § 2241 is available only in limited circumstances: specifically, only upon showing "(1) that he relies on 'not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion,' (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is 'grave enough ... to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding,' such as one resulting in 'a conviction for a crime of which he was innocent.'" Montana v. Cross, 829 F.3d 775, 783 (7th Cir. 2016), cert. denied sub nom. Montana v. Werlich, 137 S. Ct. 1813, 197 L. Ed. 2d 758 (2017) (citing Brown v. Rios, 696 F.3d 638, 640 (7th Cir. 2012)).

### III. DISCUSSION

Neither of Van's claims for relief can proceed. As Van has already raised Mathis and Hinkle claims with regard to his prior

felony drug offenses, this Court is not required to review the claim again. See 28 U.S.C. § 2244(a) ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus."). Judge McDade thoroughly analyzed Van's claim and held it was meritless because "there are no elements present in the Minnesota statutes of conviction that render them broader than the definition of "serious drug offense" in 18 U.S.C. § 924(e)(2)(A)(ii)." Van, 2017 WL 727034, at *4. Van's argument here is identical. When Van failed to appeal, he lost any further right to pursue his Mathis claims. Moreover, the Court agrees with Judge McDade's analysis on the merits. Accordingly, the Court will dismiss this claim pursuant to § 2244(a).

Van also argues that his 1999 Minnesota simple robbery conviction is not a violent felony in light of Curtis Johnson v. United States, 559 U.S. 133 (2010). However, as Respondent argues, this case was decided before Van filed his initial § 2255

Motion. Van has presented no argument as to why § 2255 would have been inadequate or ineffective to address this claim.

Moreover, this claim is meritless. Van seeks to rely on United States v. Eason, 829 F.3d 633 (8th Cir. 2016), in which the Eighth Circuit held that an Arkansas robbery statute was categorically not an ACCA predicate offense. Id. at 640-41. However, both the Eighth Circuit and the Seventh Circuit have since held that Minnesota Simple Robbery under Minn. Stat. § 609.24 qualifies as a violent felony predicate for the ACCA. See United States v. Libby, 880 F.3d 1011, 1015-16 (2018); United States v. Jennings, 860 F.3d 450 (7th Cir. 2017). In Libby, the Eighth Circuit specifically distinguished Eason and the Arkansas statute because the Arkansas statute "criminalized a threat of any bodily impact, restraint, or confinement," while Minn. Stat. "§ 609.24 requires proof of a threat of the imminent use of force to overcome the person's resistance." Id. at 1016. Accordingly, Eason is of no use to Van even if he could otherwise proceed under § 2255(e).

### IV. CONCLUSION

For the reasons stated above, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED with prejudice pursuant to

§§ 2244(a) and 2255(e).  This case is CLOSED.


**ENTER: April 4, 2019**

**FOR THE COURT:**

*s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**